IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN YELLUKAPALLY       § | | |
|     Plaintiff,       § | | |
| § | | |
| V.       § | | A-14-CV-600-LY |
| § | | |
| PEOPLE, TECHNOLOGY &       § | | |
| PROCESSES, L.L.C.,       § | | |
|     Defendant.       § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendant People, Technology & Processes, L.L.C.,'s ("PTP") Motion to Dismiss under Rule 12(b)(2) and, alternatively, Rule 12(b)(3) (Dkt. No. 5); Plaintiff Stephen Yellukapally's Response (Dkt. No. 8); and PTP's Reply (Dkt. No. 9). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Plaintiff Yellukapally brought this action after working for PTP in Afghanistan. Yellukapally, a resident of Austin, Texas, was hired by PTP, a Florida corporation, to work as a software engineer in Afghanistan in April, 2013. Dkt. No. 1 at 2-3. By August, 2013, he had been terminated from his position with PTP. *Id.* at 3. Yellukapally alleges that during his brief employment he was subjected to discrimination on account of his race. *Id.* Yellukapally is a U.S. Citizen who was born in India. *Id.* at 2. Believing that PTP terminated him in retaliation for

complaints he made regarding his treatment, Yellukapally filed a charge of discrimination with the Equal Employment Opportunity Commission. *Id.* at 4. He received a notice of the right to sue, and brought this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2(a)(1), and 42 U.S.C. § 1981. *Id.* at 4-5.

PTP now moves to dismiss, arguing that this court lacks personal jurisdiction over it. In the alternative, PTP argues that venue is improper, and accordingly this Court should dismiss the claim or transfer it to the Middle District of Florida, where PTP is located.

## II. ANALYSIS

For actions alleging employment discrimination under Title VII, venue is governed by 42 U.S.C. § 2000e-5(f)(3):

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

The alleged activity that gave rise to this action occurred in Afghanistan, the only place Yellukapally was hired to work. Dkt. No. 1 at 2-4. PTP's employment records are maintained at PTP's principal office in Florida, not Texas. Dkt. No. 6-1 at 1-2. By the plain language of the statute, then, this Court is not the proper venue for this action.

Accordingly, this Court may "dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406. It may do so regardless of whether it may exercise personal jurisdiction over the Defendant. *Goldlawr, Inc. v.*

*Heiman*, 369 U.S. 463 (1962).[1] PTP has moved this Court to transfer this action to the Middle District of Florida, where PTP's principal office is located. Dkt. No. 6-1 at 1. Under 42 U.S.C. § 2000e-5(f)(3) the "judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought" for purposes of a § 1406 transfer. In his response, Yellukapally states that he does not oppose a transfer to that venue. As such, the undersigned recommends that the District Court transfer this action to the Middle District of Florida. Because this action may be properly transferred to the Middle District of Florida, PTP's Motion to Dismiss under Rule 12(b)(2), arguing that this Court lacks personal jurisdiction, is moot.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's motion to transfer to the Middle District of Florida, and **DENY AS MOOT** Defendant's motions to dismiss under Rules 12(b)(2) and 12(b)(3).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

---

[1] In *Goldlawr, supra.,* the Court held that "the language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return

SIGNED this 16th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE